**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ APR 1 7 2013 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

LUIS DE LA OLIVA,

Defendant.

12-CR-660

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 30, 2012, defendant Luis Fernandez De La Oliva, a Spanish national, pleaded guilty to Count One of a two-count indictment, which charged that on September 22, 2012, he imported cocaine and heroin into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3).

De La Oliva was sentenced on April 11, 2013. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-one and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The calculation of the total offense level included a four-point adjustment for the defendant's minor role in the offense, a two-point adjustment for his acceptance of responsibility, and a two-point "safety valve" adjustment. The offense carried a maximum term of imprisonment of twenty years. 21 U.S.C. § 960(b)(3). The guidelines range of fine was from $10,000 to $1,000,000. Count Two of the underlying indictment was dismissed by the court.

De La Oliva was sentenced to time served and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

2

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Defendant smuggled cocaine and heroin into the United States from Panama via a commercial airline flight. This is a serious offense. It appears aberrant, however, given his circumstances. Defendant has no prior convictions. Raised in Spain by hardworking parents, he had a good support system around him despite his family's poverty.

Prior to the collapse of the Spanish economy at the end of the last decade, work as a construction laborer was easy to come by for defendant. But, the global economic malaise caused construction work in Spain to become scarce. Defendant became homeless, living on the streets of Madrid for over three years. An alcoholic, he was lured to commit the instant offense by the promise of alcohol and money from a "recruiter" who arranged for a passport and travel so that defendant could import drugs.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. Defendant will shortly be eligible for economic benefits from the Spanish government allowing him to subsist and avoid additional criminal conduct. He accepts responsibility for his conduct and expresses genuine remorse. Specific deterrence is met. General deterrence has also been substantially achieved. Defendant has now been in custody for approximately seven months. His sentence, which will result in significant immigration consequences, sends a clear message that importation of narcotics into the United States by foreign nationals will be met with severe penalties.

To allow for orderly processing of defendant's expulsion from the country, the sentence imposed is stayed for ten days from April 11, 2013.

Jack B. Weinstein
Senior United States District Judge

Dated: April 12, 2013
      Brooklyn, New York